YUENGLING v. ELEVATOR SUPPLY & REPAIR CO. (No. 6719.)

(Supreme Court, Appellate Division, First Department. January 22, 1915.)

MASTER AND SERVANT ⊂⊃239—INJURY TO SERVANT—LIABILITY.

An experienced employé adjusted a cable to an elevator car in a building in process of construction. It was necessary to pass the end of the cable around a spindle on the bottom of the car, and then stand under the car to watch the cable as the car ascended. The cable carried no strain, except its own weight. While the car was ascending, the cable became unfastened and fell on the employé. The cable had been insecurely fastened by the employé and his helper. *Held*, that the employé could not recover for the injuries sustained.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 749, 750; Dec. Dig. ⊂⊃239.]

Appeal from Trial Term, New York County.

Action by Charles F. Yuengling against the Elevator Supply & Repair Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Walter L. Glenney, of New York City, for appellant.

Edward J. McCrossin, of New York City, for respondent.

SCOTT, J. Plaintiff, while in defendant's employ, was directed by the latter's foreman to adjust a cable, containing electrical wires, to an

elevator car in a building in course of construction. To do the work required of him it was necessary to pass the end of the cable around a spool or spindle on the bottom of the car, and then, standing under the car to watch the cable as the car ascended, to see whether or not it kinked, or interfered with other cables strung up the shaft. The cable carried no strain, except it own weight. While the car was ascending, the cable became unfastened, falling upon plaintiff and injuring him. The reason it fell was because it had been insecurely and improperly fastened by plaintiff himself and his helper working under his supervision.

The plaintiff was experienced at this sort of work, and there is no complaint that the cable, and the wire with which it was to be fastened, were not sound and proper for the work in hand. The method of fastening the cable was to pass the end around the spool or spindle and then to seize or tie the end to the standing part of the cable with wire. If this had been properly done, it would have been quite safe and secure.

The plaintiff urges that his employer should have provided a longer cable, so that after the two parts had been brought together and seized there would have remained an excess of loose end, which could in some way have been fastened to the car, so that, if plaintiff's work had been improperly done, as it was, the cable would have remained fastened to the car. In other words, the plaintiff claims that he should have been protected against the consequences of his own carelessness. We are aware of no such obligation upon an employer, who is certainly not bound to anticipate that an experienced and competent employé will perform a simple piece of work so imperfectly that it will fail.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the result. Settle order on notice. All concur.